IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CASE NO. 5:26CR160 |
| Plaintiff | * | |
| -vs- | * | JUDGE JOHN R. ADAMS |
| GRANT T. WILCOX | * | MOTION TO SUPPRESS EVIDENCE SEIZED FROM 9858 GREEN DRIVE |
| Defendant | * | |

* * *

Defendant Grant T. Wilcox, by and through undersigned counsel, respectfully moves this Court to suppress all evidence seized from his residence at 9858 Green Drive, Windham, Ohio, pursuant to the search warrant issued on March 9, 2026 (Case No. 4:26 MJ 6077). The warrant was unsupported by probable cause because the affidavit failed to establish a nexus between the alleged criminal activity and the residence. The warrant relied on conclusory generalizations, drug-courier profiles, and boilerplate assertions rather than particularized facts showing that evidence of drug trafficking would be found inside the home. Because the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," *United States v. Leon*, 468 U.S. 897, 923 (1984), the good-faith exception does not apply. All evidence seized from the residence must be suppressed.

## MEMORANUDUM IN SUPPORT

### I. BACKGROUND

On March 5, 2026, a parcel was identified as a suspected narcotics parcel. On March 6, 2026, that parcel arrived at the United States Postal Services (USPS) Akron processing

distribution center. The parcel was taken into possession by investigators and transported to the USPS Cleveland office for further investigation. The parcel was placed into a line up containing several blank parcels. A narcotics detection canine gave a positive alert on the subject parcel. Investigators applied for and obtained a federal search warrant to open and search the parcel. Upon doing so they located approximately 140 grams of orange tablets which were located which field tested positive for methamphetamine. On March 9, 2026, authorities wanted to conduct a controlled delivery of the parcel to 9858 Green Dr., Windham, OH 44288, the residence of Grant Wilcox. However, that morning Mr. Wilcox arrived at the post office and obtained the parcel. He then drove around for a period of time before returning to the post office and returning the parcel. At that time, agents arrested Mr. Wilcox. He was later indicated with one count of Attempted Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 846.

The government did not have probable cause to search Mr. Grants home. The affidavit establishes only that Mr. Wilcox received a parcel addressed to him containing methamphetamine, never brought the parcel into his residence, drove around town, returned the parcel to the post office and was detained there. The affidavit contains no facts showing that the residence was used to store drugs, open parcels, conduct trafficking, or maintain records. Instead, the affiant relied on generalized "drug traffickers often…" boilerplate and a claim that the residence had previously received "suspicious parcels," without any evidence that those parcels contained contraband. Under controlling Sixth Circuit precedent, this is insufficient to establish probable cause to search a home.

## II. LEGAL STANDARD

The Fourth Amendment provides that "no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. Whether the police had probable cause to search determines whether a search conducted pursuant to a warrant comports with the Fourth Amendment. *Warden v. Hayden,* 387 U.S. 294, 301–02 (1967); *Thacker v. City of Columbus,* 328 F.3d 244, 252 (6th Cir.2003).

In *United States v. Weaver,* 99 F.3d 1372, 1377 (6th Cir.1996), the Sixth Circuit noted that, "[f]or the magistrate to be able to properly perform this official function, the affidavit presented must contain adequate supporting facts about the underlying circumstances to show that probable cause exists for the issuance of the warrant." In *United States v. Frazier,* 423 F.3d 526, 531 (6th Cir. 2005), the Court stated that the affidavit must contain particularized facts demonstrating "a fair probability that evidence of a crime will be located on the premises of the proposed search." As the Sixth Circuit further recognized in *United States v. Carpenter,* 360 F.3d 591, 594 (6th Cir. 2004) (en banc) (internal quotation omitted), this requires "a nexus between the place to be searched and the evidence sought." The affidavit must suggest "that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought" and not merely "that the owner of property is suspected of crime." *Zurcher v. Stanford Daily,* 436 U.S. 547, 556, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978). Because as the Court of Appeals has recognized, probable cause to arrest a suspect does not necessarily establish probable cause to search the suspect's home. *See United States v. Baker*, 976 F.3d 636, 645–46 (6th Cir. 2020).

This case involves Mr. Grants alleged possession of drugs, which never entered into his home. When the Sixth Circuit has found the absence of probable cause to search a home, the Court has rejected "the proposition that the defendant's status as a drug dealer, standing alone, gives rise to a fair probability that drugs will be found in his home." *United States v. Brown*, 828 F.3d 375, 383 (6th Cir. 2016), (quoting *Frazier*, 423 F.3d at 533). *Brown* and *Frazier* suggest that courts generally may not find a nexus to search a drug dealer's home when "the affidavit fails to include facts that directly connect the residence with the suspected drug dealing activity, or the evidence of this connection is unreliable." *Brown*, 828 F.3d at 384. This is especially true here, where the government had no prior knowledge of Mr. Wilcox. In *United States v. McPhearson*, 469 F.3d 518, 525 (6th Cir. 2006), the Court wrote, " '[I]n issuing a search warrant, a magistrate is entitled to draw reasonable inferences about where the evidence is likely to be kept ... and ... in the case of drug dealers evidence is likely to be found where the dealers live.' That fact was absent from the affidavit in this case. McPhearson was not a known drug dealer: his prior convictions were for property crimes, and the warrant on which the police arrested him was for simple assault. In the absence of any facts connecting McPhearson to drug trafficking, the affidavit in this case cannot support the inference that evidence of wrongdoing would be found in McPhearson's home because drugs were found on his person. Without this inference and any supporting facts suggesting that McPhearson's home would contain evidence of crime, Judge Little lacked a substantial basis for concluding that probable cause existed for issuing the warrant."

## III. ARGUMENT

It is Mr. Grants position that the affidavit fails to establish a nexus between the alleged drug possession and the residence. The affidavit contains no facts showing that Mr. Wilcox brought

the parcel into his home. To the contrary, the affidavit states: "Wilcox exited the post office with the Subject Parcel… drove around… returned to the post office… placed the Subject Parcel on the counter." (Affidavit ¶¶ 41–45). He never approached the residence with the parcel. He never crossed the threshold. He never opened the parcel at home. He never carried it inside. The Sixth Circuit has repeatedly held that possession of drugs outside the home does not establish probable cause to search the home. *McPhearson*, 469 F.3d at 524–25. The affidavit references the phrase "stash houses" and suggest that because drug traffickers "often" use residences as stash houses, this residence must contain evidence. But the Sixth Circuit has rejected this exact reasoning. *See*, *Frazier*, 423 F.3d at 533. Here, the affidavit's "stash house" paragraphs (¶¶ 7–12) are generic, not factual. They do not describe this residence, this defendant, or this parcel. No surveillance. No controlled deliveries. No prior seizures. No evidence of drug activity at the home.

The affidavit does not state that Wilcox previously brought parcels inside, that any prior parcels contained drugs, that officers ever observed drug activity at the residence, that the residence was used to store drugs, money, or records. The Sixth Circuit requires specific facts linking the residence to the crime. *Brown*, 828 F.3d at 384. None exists here.

To further support a non-existent nexus, the affidavit states: "TARGET RESIDENCE has received approximately 46 suspicious parcels… similar to the Subject Parcel…" (¶ 33). But it does not state what was inside those parcels, whether any were seized, whether any contained contraband, whether any were opened at the residence. The Sixth Circuit has repeatedly rejected warrants based on conclusory statements without factual support. *Carpenter*, 360 F.3d at 594–95.

It remains Mr. Grants position that the warrant was unsupported by probable cause because the affidavit failed to establish a nexus between the alleged criminal activity and the residence.

IV. <u>THE GOOD FAITH EXCEPTION DOES NOT APPLY</u>

The United States Supreme Court has found, that "[w]hen evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure." *Illinois v. Krull,* 480 U.S. 340, 347, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987). It further found that Courts should not, however, suppress "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant." *United States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). But this good-faith exception to the exclusionary rule does not apply in circumstances where "the officer will have no reasonable grounds for believing that the warrant was properly issued." *Id.* at 923, 104 S.Ct. 3405.

It is Mr. Grants position that the affidavit in this case was so bare bones as to preclude any reasonable belief in the search warrant that the affidavit supported. As noted above, the affidavit failed to establish a nexus between his residence and evidence of wrongdoing that would support a finding of probable cause. The application of the good-faith exception depends on something more in the affidavit to establish criminal activity. For example, In *Frazier, supra,* the defendant was a known drug dealer, and drugs had been found at his prior residence. 423 F.3d at 537. Here, that wasn't the case. Prior to agents investigating the parcel containing drugs herein, they had no knowledge of Mr. Wilcox. The justification for the search of his residence was simply, he was in possession of drugs, therefore there must be something at his home.

When an affidavit lacks a nexus, the good-faith exception does not save the warrant. Here, the affidavit is "so lacking in indicia of probable cause" that no reasonable officer could believe it established a basis to search the residence. *Leon*, 468 U.S. at 923.

V. CONCLUSION

For all of the foregoing reasons, Mr. Wilcox respectfully requests that this Court enter an Order suppressing all evidence obtained and seized from his residence. Mr. Wilcox further respectfully requests that this Court schedule a hearing at which this Motion may be fully argued by all parties.

Respectfully submitted,

*/S/ NATHAN A. RAY*

NATHAN A. RAY, #0041570
Attorney for Defendant
159 South Main Street, Suite 401
Akron, Ohio 44308
330-253-7171 – 330-253-7174 (fax)
burdon-merlitti@neo.rr.com

PROOF OF SERVICE

I hereby certify that on June 29, 2026, a copy of the foregoing Motion to Suppress was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/S/ NATHAN A. RAY*

NATHAN A. RAY
Attorney for Defendant